10-5103-ag
Singh v. Holder

BIA
Nelson, IJ
A097 526 143

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 20th day of April, two thousand twelve.

PRESENT:

      RALPH K. WINTER,
      REENA RAGGI,
      SUSAN L. CARNEY,
         *Circuit Judges.*

_____

SUKHWANT SINGH,
      *Petitioner,*

     v.                       10-5103-ag
                               NAC

ERIC H. HOLDER JR., UNITED STATES
ATTORNEY GENERAL,
      *Respondent.*

_____

FOR PETITIONER:      Amy Nussbaum Gell, Gell & Gell, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Holly M. Smith, Senior Litigation Counsel; Claire L. Workman, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DISMISSED in part and DENIED in part.

Sukhwant Singh, a native and citizen of India, seeks review of a November 18, 2010, order of the BIA, affirming the October 15, 2008 decision of Immigration Judge ("IJ") Barbara A. Nelson, which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Sukhwant Singh*, No. A097 526 143 (B.I.A. Nov. 18, 2010), *aff'g* No. A097 526 143 (Immig. Ct. N.Y. City Oct. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Because Singh does not present a constitutional claim or question of law challenging the denial of his asylum application as untimely, we dismiss the petition as to the denial of asylum. *See* 8 U.S.C. §§ 1158(a)(2)(B), 1158(a)(3); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 330–31 (2d Cir. 2006); *Gui Yin Liu v. INS*, 508 F.3d 716, 720–21 (2d Cir. 2007). We review only the agency's denial of withholding of removal and CAT relief.

2

Under the circumstances of this case, we may review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For applications like this one governed by the REAL ID Act of 2005, the agency may consider the totality of the circumstance and base a credibility finding on an applicant's demeanor, the plausibility of his account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Bi Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

In this case, the agency's adverse credibility determination is supported by substantial evidence, specifically, identified inconsistencies between Singh's testimony and asylum application as to the location and length of his 1996 arrest and detention. *See Xiu Xia Lin v. Mukasey*, 534 F.3d at 167; *Iouri v. Ashcroft*, 487 F.3d 76, 81–82 (2d Cir. 2007) (holding that discrepancies between applicant's asylum application and testimony may support adverse credibility determination). Having thus questioned Singh's

3

credibility, the agency also reasonably relied on his failure to provide any convincing corroboration that he had been arrested, detained, beaten, and tortured in 1996. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Letters from Singh's village leader and family members contained virtually identical phrases and spelling errors, making their authenticity questionable and, thus, further impugning Singh's credibility. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 526 (2d Cir. 2007); *Surinder Singh v. BIA*, 438 F.3d 145, 148 (2d Cir. 2006).

Moreover, as the agency found, Singh himself introduced some evidence that contradicted his allegations of past torture. For example, a letter from Singh's brother indicated that Singh left India "to avoid being arrested," but failed to mention the alleged 1996 arrest, detention, and torture. *See Xiu Xia Lin*, 534 F.3d at 166 n.3 (recognizing that "[a]n inconsistency and an omission are, for [credibility] purposes, functionally equivalent").

The noted inconsistencies and lack of evidence corroborating the alleged arrest, detention, and torture constitute substantial evidence to support the agency's adverse credibility determination. *See id.* at 165-66.

4

Because Singh's withholding of removal claim and CAT claim were based on the same factual predicates, the adverse credibility determination is dispositive as to both. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (withholding of removal); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005) (CAT).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk